617 A.2d 586

**STATE of Maryland et al.**

v.

**PRINCE GEORGIANS FOR GLENDENING et al.**

**No. 71, Sept. Term, 1992.**

Court of Appeals of Maryland.

Jan. 12, 1993.

Robert Zarnoch, Asst. Atty. Gen., Annapolis (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Kathryn M. Rowe, Carmen Shepard, Asst. Attys. Gen., Annapolis, all on brief) (Walter H. Maloney, Beltsville, on brief), Susan B. Gray, Highland, for petitioner.

Michael P. Whalen, County Atty., Bruce L. Marcus, Sp. Counsel, Upper Marlboro, for Prince George's County, and

Joyce T. Sweeney, Acting Clerk of the County Council for Prince George's County, amicus curiae.

M. Albert Figinski (Julie C. Janofsky, Terrence M.R. Zic, of Weinberg & Green, all on brief), Baltimore, Ronald D. Schiff, Gen. Counsel, and Elizabeth Marie Hewlett, Associate Gen. Counsel, Hyattsville, both on brief, for respondent.

Alan H. Scheiner (Anthony Thompson, Stephen H. Glickman of Zuckerman, Spaeder, Goldstein, Taylor & Kolker, all on brief), Washington, DC, amicus curiae, for the American Civil Liberties Union of Nat. Capital Area.

Argued before MURPHY, C.J., RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

KARWACKI, Judge.

We issued our writ of certiorari in this case to the Court of Special Appeals prior to that court's consideration of an appeal from a declaratory judgment entered by the Circuit Court for Prince George's County (Bowling, J.). The circuit court declared that Chapter 643 of the Acts of 1992 did not satisfy the mandate of Section 29 of Article III of the Maryland Constitution which requires in pertinent part, that "every law enacted by the General Assembly shall embrace but one subject."

I.

■ In part, Ch. 643 would regulate political contributions from land owners and developers to members of the Prince George's County Council and to its County Executive. Related ethics and election standards legislation affecting only Prince George's County was the second subject of Ch. 244 of the Acts of 1989. Because those ethics provisions were inserted by amendment of a bill dealing with the taxing authority of Prince George's County, we held in *Porten Sullivan Corp. v. State*, 318 Md. 387, 408,

568 A.2d 1111, 1121 (1990), that "[c]hapter 244 is a textbook example of legislation designed to frustrate" the one-subject requirement of Art. III, § 29 of the Maryland Constitution. We further held that "ethics" provisions were severable from the Act, leaving the "tax" provisions fully effective.

After we decided *Porten Sullivan Corp.*, an "ethics" bill applicable to local elected officials in Prince George's County, S.B. 832, was introduced in the Senate during its 1990 session. That bill passed the Senate but died in the House Constitutional and Administrative Law Committee. A similar bill amending Maryland Code (1957, 1990 Repl.Vol.) Article 33 (The Election Code) and Md.Code (1957, 1990 Repl.Vol.) Article 40A (The Maryland Public Ethics Law) was again introduced as S.B. 701 and passed the Senate during the 1992 legislative session. This bill extended its reach to the County Executive. S.B. 701 failed again in the House Constitutional and Administrative Law Committee.

Also, during the 1992 session, H.B. 937 was introduced to amend Md.Code (1957, 1990 Repl.Vol.) Article 28 (Maryland–National Capital Parks and Planning Commission Act) governing certain planning and zoning matters in Montgomery County. The bill was passed by the House and was sent to the Senate. The Senate amended H.B. 937 to include the proposed ethics and election standards contained in the failed S.B. 701, passed it and returned it to the House. H.B. 937, as amended, passed the House on the last day of the legislative session. On the advice of the Attorney General that the statute passed constitutional muster, Governor William Donald Schaefer signed the bill into law as Ch. 643 of the Acts of 1992, on May 29, 1992. The law became effective June 1, 1992.

On June 3, 1992, Prince Georgians for Glendening, a continuing committee supporting the election of Parris N. Glendening for Governor; the Maryland Candidates Slate for Good Government, a slate composed of Glendening and Ronald L. Bowers; and Parris N. Glendening, Prince George's County Executive, filed suit in the Circuit Court

for Prince George's County seeking a declaration that the ethics provision in Ch. 643 was unconstitutional. The plaintiffs sought injunctive relief against the State's Attorney for Prince George's County, Alexander Williams; the State Ethics Commission; the State Administrative Board of Election Laws; Prince George's County; the Maryland–National Capital Park and Planning Commission ("MNCPPC"); the State Prosecutor; and the Clerk of the Prince George's County Council to prevent their enforcement of Ch. 643. Subsequently, Walter H. Maloney, Jr., Robert J. Callahan, and the Prince George's County Civic Federation, Inc. were admitted as intervenor/defendants. Mary Prangley and Stan Derevin Brown, citizens, taxpayers, voters, and contributors to the plaintiff, Prince Georgians for Glendening, intervened as plaintiffs in the action. Motions for summary judgment were filed by both the plaintiffs and defendants.

After hearing arguments from all parties, the circuit court granted the plaintiffs' motion for summary judgment declaring that Ch. 643 of the Acts of 1992 violated the one-subject requirement of Art. III, § 29 of the Md. Constitution. The court also ruled that the ethics and election standards provisions were severable from Ch. 643 so that the remaining amendments to the Maryland National Capital Park and Planning Commission Act were fully effective.

## II.

In *Porten Sullivan Corp. v. State, supra,* we reviewed extensively the history of the one-subject rule in Maryland and in the other States. *Id.* at 397–409, 568 A.2d at 1115–1122. There is little that we can add to Judge Adkins' most thorough survey of the law in that case and hold that *Porten Sullivan Corp.* is dispositive of the instant case. In explaining for the Court the one subject rule in the context of an ethics provision wrapped within a tax measure, Judge Adkins wrote:

"But at the end we come back to general statements: 'to render a law obnoxious to the [one-subject] clause of Art. 3, sec. 29, of the Constitution ... two or more

dissimilar and discordant subjects must be legislated upon in the same law.' And again 'the object of this clause was to prevent the embodying into the same Act distinct and separate matters of legislation, having no connection whatever with each other.' Are the 'ethics' and the 'tax' provisions of Chapter 244 'distinct and incongruous' or 'distinct and separate?' This question ordinarily must be answered on a case-by-case basis, keeping in mind the reasons given to the single-subject rule:

"1. To avoid the necessity for a legislator to acquiesce in a bill he or she opposes in order to secure useful and necessary legislation; to prevent the engrafting of foreign matter on a bill, which foreign matter might not be supported if offered independently.

"2. To protect, on similar ground, a governor's veto power."

*Id.* at 407–08, 568 A.2d at 1121 (citations omitted).

## III.

As originally passed by the House of Delegates, H.B. 937 was a bill which reordered the planning and zoning process in Montgomery County within the scheme set forth under Art. 28 governing the MNCPPC. The bill was entitled "An Act concerning Maryland National Capital Park and Planning Commission—Montgomery County." The bill included changes in the planning commission appointment process; permitted administration of a historic preservation grant program in Montgomery County; clarified zoning in the incorporated municipalities within that county and the rules governing land acquisition for public purposes; provided for a system of fines; and addressed other matters related to planning and zoning in Montgomery County.

When the bill returned to the House after Senate approval, two changes had been made. First, the title now read "An Act Concerning Montgomery and Prince George's County—Miscellaneous Planning and Zoning Provisions." Second, the bill included a Senate amendment altering the State's election code and public ethics laws to prohibit

political contributions from certain persons to the county executive and county council members in Prince George's County; requiring disclosure of communications between members of the county council or the county executive and certain members of the public; and requiring the State Ethics Commission to enforce these provisions. The amendment also included a severability clause.

The question begging our attention is whether the "ethics and election standards" provisions and the "planning and zoning" provisions of Ch. 643 are "distinct and incongruous" or "distinct and separate"? As we decided in *Porten Sullivan Corp.*, this must be decided on a case-by-case basis. *Id.* at 408, 568 A.2d at 1121. We know that H.B. 937 and S.B. 701 originated in separate chambers to address separate problems and amend separate articles of the Code. In an effort to remedy the constitutional dilemma created by the marriage of the two bills, the Senate, on advice of the Attorney General, also amended H.B. 937 to repeal §§ 6–601 to 6–604 of the Maryland Public Ethics Law which governed definitions and disclosure requirements for contributors to the Prince George's County Council. In its place, it created Title 9 of Art. 28 and titled it "Prince George's County—Ethical and Election Standards" governing definitions, disclosure requirements, and the scope of the ethics provisions governing campaign contributions to county council members and the county executive. The Senate further amended H.B. 937 to redefine election terms in Article 33 as they apply to Prince George's County in conjunction with Art. 28, § 9–101, et seq.

The appellants have argued that in doing so, the legislature was amending a planning and zoning statute to augment the planning and zoning process in Prince George's County, as well as in Montgomery County. Art. 28 contains the legislative authority for the creation and maintenance of the MNCPPC, a state-created agency by which Montgomery and Prince George's Counties are able to coordinate growth and plan for public services. Article 40A, on the other hand, is the Maryland Public Ethics Law. The legislature

enacted that Law "to require State officials and public officials to disclose their financial affairs and to set minimum standards for their conduct of State and local business." § 1–102(c). The Law provides extensive definitions of affected persons and prohibited conduct and extends to state and local government activities. The Law also governs the ethics of officials of particular institutions, including the MNCPPC, Montgomery County Council and the Prince George's County Council, as well as local governments in general. §§ 6–101, et seq. Ch. 643 removes from Art. 40A to Art. 28 only the provision governing ethics of the Prince George's County Council, but leaves intact in Art. 40A those provisions governing ethics of the MNCPPC and Montgomery County.

We make several observations. First, the histories of H.B. 937 and S.B. 701 suggest that these two pieces of legislation addressed distinct and separate issues. H.B. 937 was concerned with the administration of planning and zoning in Montgomery County through the amendment of the act governing the MNCPPC, which has jurisdiction over both Montgomery County and Prince George's County. S.B. 701, on the other hand, related to ethics and election standards of local officials of Prince George's County, proposing amendments to the Maryland Public Ethics Law which governs the ethical standards of all state and local officials within Maryland. Second, Ch. 643 singlehandedly amends the planning and zoning authority of Montgomery County found in Art. 28 and the ethics standards for the Prince George's County Council found in Art. 40A. Finally, the planning and zoning authority of Montgomery County within the scheme of the MNCPPC in Art. 28 has no relation to the ethical standards applied to the Prince George's County Council found in Art. 40A.

We reach only one reasonable conclusion, that the Montgomery County planning and zoning provisions and the Prince George's County ethics and election standards married by Ch. 643 are indeed "distinct and incongruous" and "distinct and separate." Consequently, Ch. 643 of the Acts

of 1992 violates the one-subject mandate of Article III, § 29 of the Maryland Constitution.

## IV.

The only remaining issue is whether that portion of Ch. 643 addressing Montgomery County planning and zoning is severable from that portion addressing Prince George's County Council and County Executive ethics and election standards. This issue is governed by Md.Code (1957, Repl.Vol.1990) Art. 1, § 23 which provides:

"The provisions of all statutes enacted after July 1, 1973 are severable unless the statute specifically provides that its provisions are not severable. The finding by a court that some provision of a statute is unconstitutional and void does not affect the validity of the remaining portions of that statute, unless the court finds that the remaining valid provisions alone are incomplete and incapable of being executed in accordance with the legislative intent."

In enacting Ch. 643 the legislature clearly expressed its intention with regard to severability:

"AND BE IT FURTHER ENACTED, That if any provision of this Act or the application thereof to any person or circumstance is held invalid for any reason in a court of competent jurisdiction, the invalidity does not affect other provisions or any other application of this Act which can be given effect without the invalid provision or application, and for this purpose the provisions of this Act are declared severable."

It is manifest that the provisions reordering planning and zoning in Montgomery County under Art. 28, as amended by Ch. 643, are complete and are capable of being executed notwithstanding the invalidity of the Prince George's County ethics and election standards amendments. Therefore, we hold that the ethics and election standards are severable

from Ch. 643, leaving the planning and zoning provisions fully effective.

JUDGMENT AFFIRMED WITH COSTS.